MICHELE BECKWITH
Acting United States Attorney
MATTHEW DE MOURA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>EUSEBIO CRUZ,<br><br>ANGEL PONCE,<br><br>      Defendants. | CASE NO.  2:24-CR-00306-DAD<br><br>STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [~~PROPOSED~~] PROTECTIVE ORDER |

## I.  STIPULATION

1.  Plaintiff United States of America, by and through its counsel of record, Special Assistant United States Attorney Matthew De Moura, and Eusebio Cruz, by and through counsel of record Olaf Hedberg and Angel Ponce by and through counsel of record Philippa Lauben ("defendants" and "Defense Counsel"), for the reasons set forth below, hereby stipulate, agree, and request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials that could identify undercover agents and/or confidential sources, and/or that contain personal identifying information ("PII") and other confidential information of real persons.

2.  This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3.      On November 14, 2024, a grand jury returned an indictment charging the defendants with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One); Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); Distribution of Methamphetamine (Ponce only), in violation of 21 U.S.C. § 841(a)(1) (Count Three); and Distribution of Methamphetamine, in violation of (Ponce and Cruz) 21 U.S.C. § 841(a)(1) (Count Four).  The defendants made their initial appearance in federal court for arraignment on December 4, 2024.

4.      As part of its investigation in the above-captioned case, the government is in the possession of documents and other materials relating to the charges against the defendants, and seeks to provide those materials to counsel for the defendants.  The government seeks to do so pursuant to its discovery obligations, although some of the materials may exceed the scope of the government's discovery obligations and will be produced to promote a prompt and just resolution of the case.

5.      The government intends to produce to Defense Counsel: (1) audio recordings, video recordings, photographs, investigative reports and/or other documents that could identify law enforcement undercover agents and/or confidential sources; and/or (2) materials containing PII and other confidential information of real persons.  These real persons are third parties, co-conspirators, and/or witnesses to this case.  This discovery will be considered "Protected Material" as described in this stipulation and order, as will any other discovery marked as Protected Material.

6.      The purpose of this stipulation and order is to establish the procedures that must be followed by Defense Counsel, any designated employees, and any other individual who receives access to any Protected Material in this case and the information therein.

7.      The Government shall produce the aforementioned Protected Material to Defense Counsel, designating the discovery with the bates prefix, "CRUZ_ETAL_PM_."  This discovery, and any subsequent material discovered by the Government to Defense Counsel using the bates-prefix, shall be considered Protected Material.

8.      All Protected Material in this case is now and will forever remain the property of the Government.  It is entrusted to Defense Counsel only for purposes of representing the Defendant during the pendency of this case.

9.      Defense Counsel shall not give any Protected Material to any person other than Defense Counsel's staff assisting in preparation of the present case.  The term "staff" shall explicitly include only attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in the present matter.  The term excludes any person involved in any case in which discovery concerning the Defendant is produced and any other person other than those specifically authorized to see Protected Material under this paragraph.

10.     Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone.

11.     No members of the Defendant's family, friends of the Defendant, personal or professional associates of the Defendant, or any other person affiliated with the Defendant shall be given access to any Protected Material or its contents in any manner, for any reason.

12.     Defense Counsel may make copies of Protected Material and may take written or typed notes summarizing it in connection with preparation of the case.  If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of Protected Material transcribed. All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Material comprises "Protected Material" itself, must be affixed with the corresponding bates numbers and the "Protected Material" ledger, and is subject to all terms of this stipulation and order.

13.     Defense Counsel shall maintain a list of persons to whom any Protected Material is being or has been given.  Such persons shall be provided with a copy of the executed version of this stipulation and order, shall sign their full names to a copy, and shall in writing acknowledge that they understand its terms and are bound by it.  If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to any Protected Material until and unless they sign a copy of this stipulation and order, under the terms described in this paragraph.

14.     Defense Counsel may use the Protected Material in the defense of Defendant in the instant case in any manner deemed essential to adequately represent him (i.e., in motions that are filed under seal, if necessary; in ex-parte applications as may be needed; and in reproducing and summarizing

1  Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed),

2  consistent with this stipulation and order as it shall be originally prepared and signed.

3       15.    In the event Defense Counsel needs to use any Protected Material in a manner not

4  authorized under this stipulation and order, Defense Counsel is entitled to seek to have this stipulation

5  and order amended by the District Court, after having given notice to counsel for the Government, in a

6  hearing before the District Court, in order to meet the obligations under the Sixth Amendment to the

7  United States Constitution.

8       16.    Defense Counsel and any authorized members of Defense Counsel's staff are authorized

9  to review with Defendant the contents of the Protected Material.  Defense Counsel and authorized

10  members of Defense Counsel's staff, however, are prohibited from in any way giving the Defendant any

11  Protected Material or any memorialization of the content of any of it, such as: any of the Protected

12  Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected

13  Material; or summaries of any of the Protected Material.  This prohibition will not extend to the

14  defendants viewing the Protected Material in open court should any of these materials or summaries

15  thereof be used in the litigation of this case.

16                                      Respectfully Submitted,

17  Dated:  March 18, 2025              MICHELE BECKWITH
                                        Acting United States Attorney
18

19                              By:  /s/ MATTHEW DE MOURA
                                     MATTHEW DE MOURA
20                                   Special Assistant United States
                                     Attorney
21

22
23  Dated:  March 18, 2025              /s/ OLAF HEDBERG
                                        OLAF HEDBERG
24                                      Counsel for Defendant
                                        EUSEBIO CRUZ
25

26  Dated:  March 18, 2025              /s/ PHILIPPA LAUBEN
                                        PHILIPPA LAUBEN
27                                      Counsel for Defendant
                                        ANGEL PONCE
28

1          **[~~PROPOSED~~] FINDINGS AND ORDER**

2          The Court having read and considered the Stipulation and Joint Request for a Protective Order,

3    which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE

4    exists to enter the above Order.

5          IT IS SO FOUND AND ORDERED this 18th day of March, 2025.

6

7    _____

8    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28